9024

BURFORD v. SEABOARD AIR LINE RAILWAY.

(84 S. E. 712.)

RAILROADS. LICENSEE. ACCIDENT. ISSUES. NONSUIT.

RAILROADS — LICENSEES — ISSUES — NONSUIT. — Where an employee of consignee engaged in unloading cars of coal placed by a railroad company on a spur track at an industrial plant is injured in an accident occasioned by the cars from some unexplained cause becoming uncoupled and running off the end of the track, and the testimony does not tend to support the allegations that the defendant either negligently provided defective stop block on the track, negligently failed to have the cars or engine pushing same equipped with proper brakes, or negligently operated the cars on the track or did anything which caused the uncoupling of the cars, a nonsuit was properly granted.

Before BOWMAN, J., Abbeville, March, 1914. Affirmed.

Action by Clark Burford against Seaboard Air Line Railway. From an order of nonsuit, the plaintiff appeals.

This case was brought by the plaintiff against the defendant for the recovery of damages, actual and punitive, on account of an alleged injury received by the plaintiff while

FOOTNOTE.—As to duty due by a railway company toward servants of consignees unloading cars, see note in 46 L. R. A. 64 to 67. As to liability of a railway company to servants of a person upon whose premises it operates a spur track, see note in 46 L. R. A. 100.

in the employ of Abbeville Ice, Laundry and Fuel Company. It is alleged in the complaint that the plaintiff was unloading a car of coal on a sidetrack within the yards of the said ice plant, placed there for that purpose, and while so unloading the cars, it became necessary to move the car upon which he was working in order to shift out on the main line an empty car behind the car upon which plaintiff was working. It is alleged that plaintiff remained on the car while the shifting was being done, and that while the shifting was being done plaintiff was injured by the negligence of the defendant in the manner hereinafter more particular set forth. The defendant answered the complaint, denying the material allegations of the complaint and pleading contributory negligence.

The allegations of negligence in the complaint were:

(a) That the defendant was negligent in not keeping the spur track in good repair.

(b) That the defendant carelessly and negligently failed to properly provide a safe stop or barrier to keep cars from running off the end of the track when they were placed for unloading, but constructed said stop, or barrier, out of scantling and other material too weak to stand the strain of heavily loaded cars being backed against it, and that it was not properly braced.

(c) The defendant was negligent in attempting to move four heavily loaded coal cars without proper brakes on the engine and cars by which to properly control them.

(d) Defendant negligently backed said cars on the said spur track at a fast and reckless rate of speed, ran against said barrier or stop and broke it down, causing plaintiff's injury.

*Mr. Wm. N. Graydon,* for appellant.

*Mr. Wm. P. Greene,* for respondent, cites: 72 S. C. 402; 66 S. C. 256; 69 S. C. 529; 90 N. E. 498; 140 N. W. 871; 23 S. C. 532; 56 S. C. 63.

March 9, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for damages, actual and punitive, brought by plaintiff against defendant for alleged personal injury.    After issue joined the case was tried by his Honor, Judge Shipp, who granted a *nonsuit* as to punitive damages, and the case resulted in a mistrial as· to actual damages. The cause was tried the second time before Judge Bowman and a jury, and at the close of plaintiff's testimony a motion for *nonsuit* was made by defendant on the grounds in substance: that he failed to prove any of the allegations of negligence set forth in his complaint; and that the evidence showed that he was a trespasser, and defendant owed him no duty except not doing him any wanton or wilful injury; and that the plaintiff was guilty of contributory negligence to such an extent as to bar recovery by him.    His Honor granted the *nonsuit* as moved for without indicating upon what grounds, and plaintiff appeals and by nine exceptions asks reversal.

We do not think that the *nonsuit* should have been granted on the grounds that he was a trespasser, as there was sufficient evidence to carry the case to the jury as to whether he was a trespasser or licensee.    Neither should the *nonsuit* have been granted on the ground that the plaintiff's contributory negligence was the proximate cause of his injury.    But the serious question in the. case is: Did the plaintiff prove any of the allegations and specifications of negligence as set forth in his complaint?

The allegations of negligence were that the defendant was negligent in not keeping its spur ·track in repair, and that the defendant was negligent in attempting to move four heavily loaded coal cars without proper brakes on the engine and cars by which to properly control them.

A careful examination of all the evidence in the case fails to show any testimony to prove these allegations of negli-

gence whatsoever. The other allegation of negligence is that the defendant carelessly and negligently failed to properly provide a safe stop, or barrier, to keep cars from running off the end of the track when they were placed for unloading, but constructed said stop, or barrier, out of scantling and other material too weak to stand the strain of heavily loaded cars being backed against it, and that it was not properly braced, and that the defendant negligently backed said cars on said spur track at a fast and reckless rate of speed, ran against said barrier, or stop, and broke it down, causing plaintiff's injury.

The evidence in the case shows that the cars were being backed in on the spur track at the rate of about four or five miles per hour, and that the cars from some unexplained cause became uncoupled, and the accident was the result of the cars becoming uncoupled; there is neither allegation nor proof that the defendant negligently did anything that caused the uncoupling of the cars that brought about the accident and results therefrom; and in considering whether the plaintiff has proven any of his allegations of negligence we will consider the question whether or not the evidence shows that the defendant furnished a suitable and proper stop or barrier at the end of the trestle for the cars to be placed on. The evidences shows that the timber placed there was twelve by twelve, and when the cars became uncoupled ran away and struck this timber it shattered the timber and broke it. There was no evidence of defect in the stop or barrier whereby negligence on the part of the defendant could be imputed, neither was there any evidence of lack of care on the part of the defendant whereby any of the allegations of negligence set forth in the complaint could be sustained. The plaintiff could only recover on the allegations of negligence set out in his complaint, and the evidence shows that his injuries were caused by an accident over which the defendant had no control and was in no manner responsible for by any negligence on its part as alleged in the

complaint, and plaintiff has failed to furnish any evidence to substantiate his allegations of negligence whereby he would be entitled to recover.

The exceptions are overruled.    Judgment affirmed.